UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-772-H

L. RUTHER                                                                                                    PLAINTIFF

v.

LYNCH, COX, GILMAN, MAHAN PSC                              DEFENDANT

## MEMORANDUM OPINION

Because Plaintiff is proceeding *in forma pauperis*, this Court must initially review the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon initial review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). For the reasons that follow, the complaint will be dismissed.

## I.

Plaintiff L. Ruther, who provided an address of record in Florida, filed a *pro se* complaint against Lynch, Cox, Gilman, Mahan PSC, a law firm in Louisville, Kentucky. Plaintiff claims:

> 1. May 5 2008 Cox offer to stop $118,000 contract value with offer to pay $59,000 in 59 months. "Claim that we owe" is $118,000. Cox stop I contract of $118,000, $59,000 cash, $59,000 service to own Capital One Bank stock of $118,000.
> 2. "Claim That We Owe" is Lynch Cox Gilman Mahan PSC is to pay contract value $118,000.
> 3. I charge malpractice, negligent duty to not pay contract.

Plaintiff also alleges equal protection and due process violations.

A letter attached to the complaint reveals that the Defendant law firm did not represent Plaintiff, but actually represented opposing parties Barry Gash and Commonwealth Collections, LLC, in a contract dispute with Plaintiff.

As relief, Plaintiff seeks a crime warrant, a grand jury, and Barry Gash's address and phone number, and he asks for "Gash-Lynch contract, our offer of 59,000. We owe $59,000."

II.

*A. Equal protection and due process*

In alleging federal constitutional violations, Plaintiff must be asserting federal-question jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff, nevertheless, fails to state a federal claim.

"The Fourteenth Amendment prohibits states from denying equal protection of the laws, and courts have found that this prohibition applies to the federal government through the Fifth Amendment." *Norton Const. Co. v. U.S. Army Corps of Engineers*, 280 F. App'x 490, 495 (6th Cir. 2008) (citing *Bolling v. Sharpe*, 347 U.S. 497, 499-500 (1954)). Furthermore, both the Fifth and Fourteenth Amendment have Due Process Clauses. "The Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Scott v. Clay County, Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000).

Because Plaintiff is suing a private law firm and has not demonstrated any governmental action, he fails to state cognizable due process and equal protection claims.

*B. Malpractice*

Under the diversity-of-citizenship statute, 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- [] citizens of different States."

28 U.S.C. § 1332(a)(1). While Plaintiff indicates that he and Defendant are from different states, he seems to seek only $59,000 in relief, which does not meet the amount-in-controversy requirement. Even if diversity jurisdiction existed, however, Plaintiff's malpractice claim fails. "[T]he existence of an employment relationship with an attorney is [] an element of a legal malpractice claim in Kentucky." *Wadlington v. Rolshouse*, No. 3:05CV-558-H, 2008 WL 1712293, at *2 (W.D. Ky. Apr. l9, 2008) (citing *Marrs v. Kelly*, 95 S.W.3d 856, 860 (Ky. 2003) (citations omitted)).

Because Plaintiff sues, not his own counsel, but counsel who represented opposing parties in previous contract matter, he has no employment relationship with Defendant and fails to state any malpractice claim.

### C. Crime warrant and grand jury

Finally, to the extent Plaintiff seeks criminal prosecution of Defendant, such claim also fails. "[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986) ("Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors."). Moreover, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).

For these reasons, the Court will dismiss the action by separate Order.

Date:

cc: Plaintiff, *pro se*
    Defendant
4412.005